IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMON SIMON | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 4:08-cv-02111 |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| HARRIS COUNTY SHERIFF'S DEPARTMENT and HARRIS COUNTY, TEXAS | § § § § | |
| Defendants. | | |

### PLAINTIFF'S MOTION TO EXCLUDE DEFENDANTS' LATE DESIGNATED EXPERT WITNESS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Amon Simon ("Plaintiff" or "Deputy Simon") files this Motion to Exclude Defendants' Late Designated Expert Witness, Dr. Roy T. McKay, and in support thereof would show as follows:

**BACKGROUND**

1. Plaintiff is an African-American male who has been employed by Defendants Harris County Sheriff's Department and Harris County, Texas (collectively, "Defendants" or "Harris County") as a deputy since February 2004. Plaintiff has been diagnosed with a severe and permanent form of pseudofolliculitis barbae. (*See* Stipulation, Ex. 1). This is a medical condition that is chronic and permanent requiring that Plaintiff to avoid close shaving to prevent infection, pain and permanent scarring that is disfiguring. *Id*. It is an immutable race-linked skin disease that primarily affects only African-Americans. *Id*.

2. Plaintiff advised Defendants that he could not close shave and had to maintain a beard of not more than one-quarter (¼) inch in length as recommended by his doctor because of

this medical condition. Plaintiff provided documentation to Harris County to prove the existence of his medical condition. In fact, Plaintiff wore a very short, neat beard to work without being disciplined until he was assigned from patrolling a predominantly minority area to patrolling a predominantly white area. Once Plaintiff was reassigned to patrol a predominantly white community in which Sheriff Tommy Thomas lived, he was ordered to shave his short beard, and was ultimately disciplined and retaliated against because of his medical condition and inability to clean shave.

3.  Harris County has a policy providing that any deputy diagnosed with pseudofolliculitis barbae may wear a beard, but is placed on "Transitional Duty" unless and until he shaves all facial hair.

4.  Defendants placed Plaintiff on Transitional Duty. While on Transitional Duty, Plaintiff was re-assigned from patrol to a job in the property room requiring him to take out trash and perform other menial tasks. Plaintiff was also denied the opportunity to earn overtime compensation or to work "extra jobs." As a result, Plaintiff's pay has been greatly reduced, and he has been demoted in terms of his job assignment and duties.

5.  Plaintiff filed suit for discrimination against Harris County pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1981, and Title VII.

**DEFENDANTS' EXPERT WAS DESIGNATED LATE.**

6.  On October 29, 2008 [Doc. #9], this Court entered a scheduling order providing as follows:

> "April 1, 2009    Plaintiff, ***or the party with the burden of proof***, ***shall designate*** expert witnesses. Designation shall be in writing to opponent. Expert reports shall be served on the same day."

Scheduling Order, Doc. #9, Ex. 2 (emphasis added).[1]

7.     Expert disclosures must be made by the date set by the Court.  *See* FED. R. CIV. P. 26(a)(2)(C)(i).  Despite the requirements of Rule 26 and the Court's explicit Order requiring any party with the burden of proof to designate experts no later than April 1, 2009, Defendants failed to comply.  Specifically, on October 15, 2009, Defendants designated Dr. Roy T. McKay as an expert witness to testify about "the proper fit of a gas mask during a chemical, biological, radiological, nuclear ("CNRN") attack."  Ds' Designation of Experts, Doc. #19 (Ex. 3).

8.     It appears that Defendants may intend to offer Dr. McKay's testimony to support a purported (and unpleaded) affirmative defense[2] in this matter.  As discussed below, Dr. McKay never issued a report, so Plaintiff cannot discern what his opinions are or what the specific scope of his testimony would be at trial.  However, Plaintiff did not designate an expert on this subject matter, so Defendants could only have designated Dr. McKay to support their defense of this case.  Defendants have the burden of proof with respect to an affirmative defense.  Accordingly, as the party with the burden of proof, Defendants were required to designate Dr. McKay no later than April 1, 2009.  Instead, Dr. McKay was designated more than six months after the deadline.

**DEFENDANTS FAILED TO SUBMIT A REPORT FROM THEIR LATE DESIGNATED EXPERT.**

9.     Not only did Defendants fail to timely designate Dr. McKay, but his designation also failed to comply with Rule 26 in other respects.  Specifically, Dr. McKay—a retained expert— failed to provide an expert report.  Rule 26(a)(2)(B) requires a retained expert to provide a written,

---

[1] On two occasions, Defendants requested that the Court extend their deadlines for expert witness designations and tendering of an expert report.  First, on April 16, 2009, the Court extended the deadline for "Defendant, or the responding party" to designate expert witnesses. Order, Doc. #16 (Ex. 4). However, the deadline was not extended with respect to affirmative relief experts.  Second, Defendants sought to extend the deadline to provide an expert report from Dr. Milton Moore, a dermatologist.  However, Defendants' motion dealt with a request to late designate Dr. Milton Moore.  There was no request for a late designation of Dr. McKay.  The Court granted Defendants' request for an extension of time for Dr. Moore to provide his expert report, but explicitly stated that "[the] expert designation and report deadline is not extended for any other purpose."  Order, Doc. #25 (Ex. 2).

[2] Plaintiff has also moved to strike Defendants' affirmative defenses for failure to properly plead such defenses.

signed report that must include a complete statement of all opinions the witness will state and the basis for them. FED. R. CIV. P. 26(a)(2)(B). Further, the report must also include the data or other information considered by the expert in forming his opinions. *Id.* Here, Defendants failed to tender an expert report from Dr. McKay.

### PLAINTIFF WOULD BE GREATLY PREJUDICED IF DR. MCKAY WERE ALLOWED TO TESTIFY.

10. Plaintiff would be greatly prejudiced if the Court allowed Dr. McKay to testify or provide any opinion testimony in this matter. First of all, Dr. McKay was designated *over six months* after the deadline. Under the scheduling order, Plaintiff was never afforded an opportunity to designate his own expert in response to Dr. McKay. Further, because Dr. McKay did not provide an expert report, Plaintiff has no way of determining what his opinions are, the basis for his opinions or the scope of his testimony. It would be not only prejudicial, but fundamentally unfair to Plaintiff to permit Defendants to submit opinion testimony from an expert on an affirmative defense several months after the deadline and without the requisite Rule 26(a)(2) expert report. Without the benefit of a proper and timely Rule 26(a)(2) disclosure, Plaintiff cannot depose Defendants' expert or challenge the reliability of his opinions. *See* FED. R. EVID. 702, 703.

11. For all the reasons discussed herein, Defendants' expert should be barred and excluded from testifying at the trial in this cause or otherwise offering any opinion evidence, as Defendants failed to comply with Rule 26(a)(2) and this Court's scheduling order.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court grant this motion and enter an order:

   a.   excluding Dr. Roy T. McKay as an expert witness in this matter;

   b.   barring Dr. Roy T. McKay from testifying at the trial of this cause or otherwise offering any opinion evidence in this case; and

  c.  ordering any and all other relief this Court deems fair and just.

                Respectfully submitted,

                /s/ Rhonda H. Wills
                Rhonda H. Wills
                Attorney-in-Charge
                State Bar No. 00791943
                Southern District ID No. 20699
                2700 Post Oak Blvd., Suite 1350
                Houston, Texas 77056
                Telephone: (713) 528-4455
                Facsimile: (713) 528-2047
                **ATTORNEY FOR PLAINTIFF**
                **DEPUTY AMON SIMON**

## CERTIFICATE OF CONFERENCE

  I hereby certify that I conferred with defense counsel, David S. Masquelette, regarding the filing of this motion and he stated that he is opposed.

                /s/ Rhonda H. Wills
                Rhonda H. Wills

## CERTIFICATE OF SERVICE

  I, the undersigned counsel, hereby certify that the foregoing document has been electronically filed with the Clerk of the Court by using the CM/ECF system, which will, in turn, send a notice of electronic filing to all counsel of record, on **March 1, 2010**, including to Defendants' counsel:

David S. Masquelette
Harris County Attorney's Office
1019 Congress, 15th Floor
Houston, Texas 77002

                /s/ Rhonda H. Wills
                Rhonda H. Wills